UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| POBLOCKI PAVING CORPORATION,<br><br>                                  Plaintiff,<br>v.<br><br>JOHNSON & SONS PAVING, LLC and<br>JASON B. JOHNSON,<br><br>                                  Defendant. | Case No. 15-CV-1515-JPS<br><br><br><br>ORDER |

1.   INTRODUCTION

On March 8, 2016, the defendants Johnson & Sons Paving, LLC and Jason B. Johnson (collectively, "Johnson") jointly moved to dismiss the entirety of the plaintiff Poblocki Paving Corporation's ("Poblocki") amended complaint. (Motion, Docket #19; Amended Complaint, Docket #13). Johnson filed a brief in support that same day. (Docket #20). Pursuant to Civil Local Rule 7(b) and Federal Rule of Civil Procedure 6(d), Poblocki's response to the motion to dismiss was due on or before April 1, 2016. On April 21, 2016, Poblocki filed a notice of dismissal for Count Two of the amended complaint, as well as a response. (Notice of Dismissal, Docket #23; Brief in Opposition, Docket #24). Unfortunately, Poblocki did so without requesting leave to file its response out of time or otherwise explaining the lengthy delay.

2.   STANDARD OF REVIEW

Johnson has moved to dismiss Poblocki's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted).

In reviewing Poblocki's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480-81. However, a complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Court must identify allegations "that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.

3. THE AMENDED COMPLAINT

Accepting the truth of Poblocki's well-pleaded allegations and drawing all reasonable inferences in its favor, the relevant facts are as follows. Poblocki advances a two-count amended complaint. (Docket #13). The first is for copyright infringement pursuant to 17 U.S.C. § 502. *Id.* at 9. The second is for misappropriation of trade secrets in violation of Wisconsin law. *Id.* at 10-11. Poblocki asks the Court to exercise federal question jurisdiction over the copyright claim, and supplemental jurisdiction over the trade secret claim. *Id.* at 2-3.

3.1 The Database

Poblocki is an asphalt paving contractor which has been in business for forty-seven years. *Id.* at 4. Starting in 2002, it gathered customer contact

and specification information into a "customer relationship management database," or CRM database ("Database"). *Id.* The data gathered included contact information, work orders, marketing and bid information, project specifications, and other material relevant to the customer's project. *Id.* The Database was created to give Poblocki employees secure and easy access to the information as needed. *Id.* Poblocki has never licensed the Database to anyone, including Johnson. *Id.*

The Database contains the above-described data from over 55,400 commercial and residential customers. *Id.* at 5. The data and documents in the Database are entered by employees based on customer interactions. *Id.* The Database then "selects, coordinates, and arranges the raw data in such a way that the resulting digital data compilation…, as a whole, constitutes an original work of authorship." *Id.* The information has been gathered since Poblocki's inception and could not have been created by any means other than Poblocki's business operations. *Id.*

Poblocki derives value from the Database because it contains information not known to its competitors. *Id.* at 6. The data therein is kept secret by requiring a login and limiting an employee's access to what is necessary to accomplish their duties. *Id.* at 6-7. The data and documents are also stored in a manner which makes them difficult to download or save to an external drive. *Id.* at 7. The Database contains trade secret information, namely the manner in which the CRM software operates to create the final, useable Database. *Id.* at 6. That trade secret was purposefully created to increase business efficiency and "reasonable" efforts have been made to maintain its secrecy. *Id.*

Poblocki applied for copyright protection for the Database on December 16, 2015. *Id.* at 5. Poblocki has not alleged that the copyright has actually been registered. *See generally,* Docket #13. The Database is Poblocki's sole property and employees are given no rights to distribute the software or the data contained therein. *Id.* at 5.

### 3.2 Defendant Jason B. Johnson's Relevant Conduct

Defendant Jason B. Johnson ("Jason") was employed by Poblocki for an unspecified duration. *Id.* at 7. He left Poblocki on January 2, 2014, to start his own paving company. *Id.* Prior to leaving, Jason opened the Database and used a video camera to record the information that appeared on the computer screen. *Id.* at 8. The video is hours long and shows the compiled data for every Poblocki customer. *Id.* Jason also took numerous screenshots of individual customers' entries in the Database. *Id.* He shared the information with Johnson salespeople and used it in marketing materials. *Id.*

Jason was aware that he was not entitled to take the Database's information with him upon leaving Poblocki. *Id.* at 7. He took the information in a manner designed to disguise his activity and leave no "digital fingerprints." *Id.* at 8. Conversely, he bragged to his own employees and others outside his company of taking the Database information. *Id.* Through Jason's activity, Johnson has taken customers from Poblocki, causing monetary loss to Poblocki. *Id.*

### 4. ANALYSIS

#### 4.1 Copyright Infringement

Johnson makes three arguments in support of its request for dismissal of Count One, Poblocki's copyright infringement claim. First, Johnson claims that a computer program cannot be an author of a copyrightable work.

Second, it contends that regardless of authorship, the Database itself is not copyrightable as a data compilation. Finally, Johnson maintains that Poblocki has failed to register its copyright, a necessary precondition to an infringement lawsuit.

The third point is dispositive. A plaintiff claiming copyright infringement must register their copyright prior to initiating litigation. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made[.]"); *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 166 (2010) ("Section 411(a) imposes a precondition to filing a claim[.]"); *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 622 (7th Cir. 2013) ([T]he Copyright Act provides that a copyright holder must register its copyright in a work with the United States Copyright Office before filing suit for infringement."); *Neri v. Monroe*, 726 F.3d 989, 991 (7th Cir. 2013). Prior Seventh Circuit precedent held that "an application to register must be filed, and either granted or refused, before suit can be brought." *Gaiman v. McFarlane*, 360 F.3d 644, 654-55 (7th Cir. 2004). Though it is unclear whether *Gaiman* reflects a firm, final stance by the Court of Appeals on the issue, the quoted holding has not been called into question. It is irrelevant for the Court's purposes here; Poblocki has failed to allege that it completed registration or that its application was refused. Because it merely alleges that "[*sic*] Federal Copyright protection for the CRM has been sought by application," and the Database is an "applied-for copyright work," Section 411(a) bars Poblocki's infringement claim. (Docket #13 at 5). Johnson's motion to dismiss Count One of the amended complaint will be granted.

### 4.2 Trade Secret Misappropriation

Johnson also seeks dismissal of Poblocki's trade secret claim. (Docket #20 at 7). Preliminarily, the Court notes that, despite Poblocki's efforts, it may appropriately consider this argument. As noted above, Poblocki filed a notice of voluntary dismissal of its trade secret misappropriation count pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (Docket #23). That rule may only be used to dismiss entire actions, not individual counts of a complaint. *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015). Thus, Poblocki's attempted dismissal is ineffective and Count Two remains subject to Johnson's motion to dismiss.

Johnson directs the majority of its argument at the actual information taken by Jason, namely the "contact person, phone numbers, email addresses, work orders, marketing information, bid information, project specifications," and other data contained in the Database which were shown in his video and pictures. (Docket #13 at 4, 8). Johnson contends that this information is not a protectable trade secret. (Docket #20 at 7-11) ("What Poblocki is complaining about is the alleged misappropriation of a customer list[.]"). Johnson misunderstands Poblocki's claim. Poblocki does not seek trade secret protection for the data in the Database, but rather for the Database itself. Specifically, Poblocki alleges that the "the architecture and methodologies of the CRM software program, to select, coordinate, and arrange raw data, including a pattern, compilation, program, method, technique or process" is a trade secret. (Docket #13 at 10). It further alleges that "Poblocki has been damaged as a result of Defendants' unlawful

misappropriation of the trade secret information contained within the database structure[.]" *Id.*[1]

With the nature of Poblocki's trade secret allegations properly framed, most of Johnson's argument becomes inapposite. The Court can nevertheless engage in a simple analysis of the claim. To state a claim for trade secret misappropriation under Wisconsin law, a plaintiff must show that: 1) the "material complained about is a trade secret under [WIS. STAT. §] 134.90(1)(c)"; and 2) "a misappropriation has occurred in violation of [WIS. STAT. §] 134.90(2)." *Minuteman, Inc. v. Alexander*, 434 N.W.2d 773, 778 (Wis. 1989).

The second element is dispositive; the Court assumes without deciding that the Database is a trade secret. Misappropriation occurs when trade secrets are acquired by "improper means," which are defined as "espionage, theft, bribery, misrepresentation and breach or inducement of a breach of duty to maintain secrecy." WIS. STAT. § 134.90(2)(a) and (1)(a). Taking Poblocki's allegations as true, Johnson's actions qualify as "improper means." He took the Database video and screenshots despite knowing he was not permitted to do so. (Docket #13 at 7).

---

[1] The Court admits that Poblocki's complaint contains language which could lead to the conclusion that it also desires trade secret protection for the customer data. (Docket #13 at 6) ("The CRM Data derives independent economic value to Poblocki[.]"); *Id.* at 10 ("Mr. Johnson disclosed not only the data within the CRM Database, but the structure of the customer information, and was able to use valuable and confidential information contained within the copyrighted digital data compilation to derive economic value to Johnson Paving, diverting profits from Poblocki."). However, the majority of Poblocki's allegations, particularly within the paragraphs of Count Two itself, reveal that the claim rests on the Database, not the data.

Johnson counters that Poblocki does not allege that he took a copy of the Database program; he merely took video and pictures of the program while it was displayed on a computer screen. *Id.* at 8. The Court's analysis discloses no controlling, or even persuasive, precedent on the issue of whether taking video or screenshots of images—in this instance details of customer information generated with a computer program—qualifies as "acquiring" the program under the Uniform Trade Secrets Act (which Wisconsin has adopted).

Nevertheless, the Court agrees with Johnson and holds that Poblocki's allegations do not establish that he "acquired" the Database under Section 134.90(2)(a). As noted above, Poblocki specifically alleges that Johnson did not take an electronic copy of the Database. *Id.* at 8. Poblocki's allegations appear to assume that "acquisition" occurred via Johnson's actions and so provide no additional factual details on the matter. *Id.* at 7-8, 10. Poblocki does not allege, and it would not be reasonable to infer, that Johnson could reverse engineer the Database's coding merely by reviewing the video and screenshots. Further, Poblocki fails to allege that Johnson actually recreated the Database program for his company's use. Johnson's motion to dismiss Count Two of the amended complaint will be granted.

5. CONCLUSION

Count One of the Poblocki's amended complaint will be dismissed because Poblocki failed to properly allege registration of its copyright. Count Two will be dismissed because Poblocki did not allege "acquisition" of the Database by Johnson in violation of Wisconsin law. Thus, both counts of the amended complaint will be dismissed with prejudice.

Accordingly,

IT IS ORDERED that the defendants' Motion to Dismiss the Amended Complaint (Docket #19) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice; and

IT IS FURTHER ORDERED that the defendants' Motion to Vacate Plaintiff's Voluntary Dismissal of Count II of the Amended Complaint (Docket #25) be and the same is DENIED as moot.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 9 of 9

Case 2:15-cv-01515-JPS   Filed 04/27/16   Page 9 of 9   Document 27